**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re Application Pursuant to 28 U.S.C. § 1782     :
of REBECCA J. FERNIE,     :   Civil Action No.    17-MC-473
                    **Petitioner,**     :
    :
    :   **[PROPOSED] ORDER**
        - to take discovery of -     :   **GRANTING PETITION FOR AN**
    :   **ORDER PURSUANT TO 28**
**MORGAN STANLEY, LLC and**     :   **U.S.C. § 1782 COMPELLING**
**PRESS MANAGEMENT, LLC,**     :   **DISCOVERY**
    :   **IN AID OF FOREIGN**
             **Respondents.**     :   <u>**JUDICIAL PROCEEDING**</u>
    :
    :
-----------------------------------------------------------------x

       **WHEREAS**, a petition having been made by Rebecca J. Fernie ("Petitioner") for an

Order pursuant to 28 U.S.C. § 1782 ("Petition") authorizing the issuance of subpoenas

("Subpoenas") compelling Morgan Stanley, LLC, a corporation with its headquarters in, and that

may otherwise be found in the Southern District of New York, and Press Management, LLC, a

corporation with its principal place of business in, and that may otherwise be found in the

Southern District of New York, to produce documents and submit to a deposition as provided in

the respective Subpoenas (attached to this Order as Exhibit "A" and Exhibit "B") or at such other

time as may be ordered by this Court for use in a proceeding before the Supreme Court of The

Commonwealth of The Bahamas ("Bahamas Proceedings"), and

       **NOW**, for good cause showing, the Court hereby **GRANTS** the Petition in its entirety,

and Petitioners may serve on Morgan Stanley, LLC and Press Management, LLC the Subpoenas

in a form substantially similar to those attached hereto as Exhibit A and Exhibit B, respectively;

and it is hereby

**ORDERED** that, Morgan Stanley, LLC and Press Management, LLC (a) produce documents in accordance with the respective Subpoenas and Schedule A thereto, and (b) submit to a deposition in accordance with the respective Subpoenas; and it is

**FURTHER ORDERED** that, discovery conducted pursuant to the Subpoenas shall be governed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Southern District of New York, and individual rules and practices of this Court; and it is

**FURTHER ORDERED** that, copies of this Order, the Subpoenas, Petition, and all supporting papers thereto shall be served by Petitioner within five (5) business days of entry of this Order upon all counsel of record in the Bahamas Proceedings by Hand Delivery, Federal Express, or U.S. Mail.

Signed this _____ day of December, 2017.

_____
United States District Judge
Southern District of New York

# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| **In re Application Pursuant to 28 U.S.C. § 1782** )<br>**of** )<br>**REBECCA J. FERNIE,** )<br> )<br>**Petitioner,** )<br> )<br>**- to take discovery of -** )<br> )<br>**MORGAN STANLEY, LLC,** )<br> )<br>**Respondent.** ) | Case No. ___17-MC-473_____ |

### SUBPOENA FOR PRODUCTION OF DOCUMENTS AND DEPOSITION

To:

    Morgan Stanley, LLC
    1585 Broadway
    New York, New York 10036

    ☒ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE SCHEDULE A**

| Place: | Date and Time: |
|---|---|
| Mishcon de Reya New York LLP<br>156 5th Avenue – Suite 904<br>New York, New York 10010 | January 30, 2017 at 9:30 a.m. |

    ☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| Deponent: | Person most knowledgeable about Wincrest Capital, Ltd. |
|---|---|
| Place: | Date and Time: |
| Mishcon de Reya New York LLP<br>156 5th Avenue – Suite 904<br>New York, New York 10010 | February 15, 2017 at 9:30 a.m. |

The deposition will be conducted before an officer authorized by law to administer oaths and will be recorded by stenographic means.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

OR

_____          _____
*Signature of Clerk or Deputy*                        *Attorney's signature*
*Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Rebecca J. Fernie, who issues or requests this subpoena, are:

Vincent Filardo, Jr.
MISHCON DE REYA NEW YORK LLP
156 5th Avenue – Suite 904
New York, New York 10010
Telephone:  (212) 612-3270
Facsimile:  (212) 612-3297

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DOCUMENT REQUESTS**

**DEFINITIONS AND INSTRUCTIONS**

1.　　　Each reference to a corporation, partnership, limited partnership, limited liability company, unincorporated association, joint venture, government entity, other business entity, or other fictitious person shall be deemed to include each and all of its present or former subsidiaries, affiliates, predecessors and successors, and, with respect to each of the aforesaid entities, its present or former officers, directors, shareholders, employees, partners, members, general partners, limited partners, representatives, agents, officials, accountants, attorneys and any other person who, during the relevant period, acted or purported to act on its behalf.

2.　　　"And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

3.　　　"Any," "all" "each" and "every" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

4.　　　"Communication" means the transmittal of information of any kind and in any form.

5.　　　"Concerning" means relating to, referring to, describing, evidencing, constituting or in any way connected to the subject matter of the document request.

6.　　　"Document" is used in its broadest sense and means any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only:  letters or other correspondence, electronic mail,

messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

7.      "Including" means "including without limitation" or "including but not limited to" the referenced items of information.  The use of "including" in describing categories of documents should not be read to narrow any Request.

8.       "Information" means information of any kind in any form whatsoever.

9.      "Morgan Stanley" means Morgan Stanley, LLC and any division, subsidiary, parent organization, member of Morgan Stanley, or any other legal entity in the Morgan Stanley corporate hierarchy.

10.      "Person" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

11.      "You", "Your", or "Yours" means Morgan Stanley.

12.     "Wincrest" means Wincrest Capital, Ltd. and all or any of its divisions or subsidiaries, including, without limitation, Wincrest Contraria Master Fund Ltd., Wincrest Contraria Fund Ltd., and Wincrest Capital SPC.

13.     The singular of any word shall include the plural of that word, and vice versa.

14.     In responding to these requests, You shall produce all responsive Documents which are in Your possession, custody, or control or in the possession, custody, or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.  A Document shall be deemed to be within Your control if You have the right to obtain the Document or a copy of the Document from another person having possession or custody of the Document.

15.     For avoidance of doubt, a request herein for Documents concerning any particular subject matter includes a request for all communications concerning that subject matter and a request for all Documents concerning such communications.

16.     Each request should be constructed independently, and not with reference to any other request for purposes of limitation.

17.     All electronically stored information ("ESI") shall be produced in single paged Tagged Image File Format (".tiff") with Optical Cross-Reference (*i.e.*, OPT) and a Relativity (*i.e.*, DAT) Cross-Reference Loadfile.  All ESI shall be produced to a media (*e.g.*, CD, DVD, or HDD) as required by data size.  Petitioner reserves the right to amend or otherwise modify this Instruction in light of any agreement between the parties or for any other appropriate reason.

18.   <u>Continuing Requests</u>.  These Requests are continuing.  If, after producing the requested documents, You obtain or become aware of any further documents responsive to these Requests, You are required to produce to Petitioner such additional documents.

19.   <u>Privileged or Proprietary Matter</u>.  In the event that any document is withheld or redacted on the basis of any legal objection or privilege, You shall indicate the following information for each such withheld document:

a) date of the document;

b) general character or type of document (i.e. letter, memorandum, notes of meeting, etc.);

c) identity of the person in possession of the document;

d) identity of the author of the document;

e) identity of the original recipient or holder of the document;

f) relationship of the author, addressee and any other recipient;

g) general subject matter of the document;

h) legal basis, including, but not limited to, any legal objection or privilege for withholding or redacting the document.

20.   <u>Lost or Destroyed Documents</u>.  If any document which is the subject of these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information:  (a) type of document, (b) date of document, (c) date when the document became lost, discarded or destroyed, (d) circumstances under which the document was lost, discarded or destroyed, and (e) identity of all persons having knowledge of the contents of the document.

21. <u>Form of Production</u>.  All documents shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories in the request.  In this connection, and for purposes of illustration, all documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  If You choose to produce the document request corresponding with the categories in the Request, You should identify the file folders, drawer or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

22. <u>Partial Production</u>.  If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for Your inability to produce the remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portion.

23. <u>Time Period</u>.  The time period covered by these Requests, unless indicated otherwise in a specific request, is from October 1, 2016 to December 30, 2017.

24. Petitioner expressly reserves its right to serve additional requests for discovery.

## <u>DOCUMENT REQUESTS</u>

1. All Documents concerning all communications between, to, or from Barbara Ann Bernard, her designees or agents, and Morgan Stanley concerning Wincrest.

2. All Documents concerning all communications between, to, or from Joanne Marie Bernard, her designees or agents, and Morgan Stanley concerning Wincrest.

3. All Documents concerning all communications between, to, or from Francis Joseph Crothers, his designees or agents, and Morgan Stanley concerning Wincrest.

4.    All Documents concerning all communications relating to the removal of Rebecca J. Fernie as a director, employee, co-manager, and/or shareholder of Wincrest.

5.    All Documents concerning all brokerage accounts for Wincrest.

6.    All Documents concerning any new or amended Wincrest documents including articles, shareholder register, directors register, and any other Wincrest agreements.

7.    All Documents concerning all monthly Morgan Stanley statements since April 2017 for all Wincrest funds.

8.    All Documents concerning a December 15, 2016 spreadsheet prepared by Morgan Stanley and Barbara Ann Bernard.

9.    All Documents concerning any new or updated SEC Schedule 13D filings concerning Wincrest since April 2017.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the
Southern District of New York

| | | |
|---|---|---|
| **In re Application Pursuant to 28 U.S.C. § 1782** | ) | |
| **of** | ) | |
| **REBECCA J. FERNIE,** | ) | Case No.    17-MC-473 |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **- to take discovery of -** | ) | |
| | ) | |
| **PRESS MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### SUBPOENA FOR PRODUCTION OF DOCUMENTS AND DEPOSITION

To:

    Press Management, LLC
    1 Rockefeller Plaza, 30th Floor
    New York, New York 10020

    ☒ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE SCHEDULE A**

| Place: | Date and Time: |
|---|---|
| Mishcon de Reya New York LLP | January 30, 2017 at 9:30 a.m. |
| 156 5th Avenue – Suite 904 | |
| New York, New York 10010 | |

    ☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

Deponent: Joel Press

| Place: | Date and Time: |
|---|---|
| Mishcon de Reya New York LLP | February 15, 2017 at 9:30 a.m. |
| 156 5th Avenue – Suite 904 | |
| New York, New York 10010 | |

The deposition will be conducted before an officer authorized by law to administer oaths and will be recorded by stenographic means.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

OR

_____          _____
*Signature of Clerk or Deputy*                      *Attorney's signature*
*Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Rebecca J. Fernie, who issues or requests this subpoena, are:

Vincent Filardo, Jr.
MISHCON DE REYA NEW YORK LLP
156 5th Avenue – Suite 904
New York, New York 10010
Telephone:  (212) 612-3270
Facsimile:  (212) 612-3297

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DOCUMENT REQUESTS

## DEFINITIONS AND INSTRUCTIONS

1.     Each reference to a corporation, partnership, limited partnership, limited liability company, unincorporated association, joint venture, government entity, other business entity, or other fictitious person shall be deemed to include each and all of its present or former subsidiaries, affiliates, predecessors and successors, and, with respect to each of the aforesaid entities, its present or former officers, directors, shareholders, employees, partners, members, general partners, limited partners, representatives, agents, officials, accountants, attorneys and any other person who, during the relevant period, acted or purported to act on its behalf.

2.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

3.     "Any," "all" "each" and "every" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

4.     "Communication" means the transmittal of information of any kind and in any form.

5.     "Concerning" means relating to, referring to, describing, evidencing, constituting or in any way connected to the subject matter of the document request.

6.      "Document" is used in its broadest sense and means any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only:  letters or other correspondence, electronic mail,

messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

7.      "Including" means "including without limitation" or "including but not limited to" the referenced items of information.  The use of "including" in describing categories of documents should not be read to narrow any Request.

8.       "Information" means information of any kind in any form whatsoever.

9.      "Person" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

10.      "Press Management" means Press Management, LLC and any division, subsidiary, parent organization, or any other legal entity in the control of Press Management.

11.      "You", "Your", or "Yours" means Press Management.

12.     "Wincrest" means Wincrest Capital, Ltd. and all or any of its divisions or subsidiaries, including, without limitation, Wincrest Contraria Master Fund Ltd., Wincrest Contraria Fund Ltd., and Wincrest Capital SPC.

13.     The singular of any word shall include the plural of that word, and vice versa.

14.     In responding to these requests, You shall produce all responsive Documents which are in Your possession, custody, or control or in the possession, custody, or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.  A Document shall be deemed to be within Your control if You have the right to obtain the Document or a copy of the Document from another person having possession or custody of the Document.

15.     For avoidance of doubt, a request herein for Documents concerning any particular subject matter includes a request for all communications concerning that subject matter and a request for all Documents concerning such communications.

16.     Each request should be constructed independently, and not with reference to any other request for purposes of limitation.

17.     All electronically stored information ("ESI") shall be produced in single paged Tagged Image File Format (".tiff") with Optical Cross-Reference (*i.e.*, OPT) and a Relativity (*i.e.*, DAT) Cross-Reference Loadfile.  All ESI shall be produced to a media (*e.g.*, CD, DVD, or HDD) as required by data size.  Petitioner reserves the right to amend or otherwise modify this Instruction in light of any agreement between the parties or for any other appropriate reason.

18.   <u>Continuing Requests</u>.  These Requests are continuing.  If, after producing the requested documents, You obtain or become aware of any further documents responsive to these Requests, You are required to produce to Petitioner such additional documents.

19.   <u>Privileged or Proprietary Matter</u>.  In the event that any document is withheld or redacted on the basis of any legal objection or privilege, You shall indicate the following information for each such withheld document:

a) date of the document;

b) general character or type of document (i.e. letter, memorandum, notes of meeting, etc.);

c) identity of the person in possession of the document;

d) identity of the author of the document;

e) identity of the original recipient or holder of the document;

f) relationship of the author, addressee and any other recipient;

g) general subject matter of the document;

h) legal basis, including, but not limited to, any legal objection or privilege for withholding or redacting the document.

20.   <u>Lost or Destroyed Documents</u>.  If any document which is the subject of these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information:  (a) type of document, (b) date of document, (c) date when the document became lost, discarded or destroyed, (d) circumstances under which the document was lost, discarded or destroyed, and (e) identity of all persons having knowledge of the contents of the document.

21.   <u>Form of Production</u>.  All documents shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories in the request.  In this connection, and for purposes of illustration, all documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  If You choose to produce the document request corresponding with the categories in the Request, You should identify the file folders, drawer or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

22.   <u>Partial Production</u>.  If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for Your inability to produce the remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portion.

23.   <u>Time Period</u>.  The time period covered by these Requests, unless indicated otherwise in a specific request, is from October 1, 2016 to December 30, 2017.

24.   Petitioner expressly reserves its right to serve additional requests for discovery.

## **<u>DOCUMENT REQUESTS</u>**

1.   All Documents concerning all communications between, to, or from Barbara Ann Bernard, her designees or agents, Press Management and/or Joel Press concerning Wincrest.

2.   All Documents concerning all communications between, to, or from Joanne Marie Bernard, her designees or agents, Press Management and/or Joel Press concerning Wincrest.

3.   All Documents concerning all communications between, to, or from Francis Joseph Crothers, his designees or agents, Press Management and/or Joel Press concerning Wincrest.

4.      All Documents concerning all communications relating to the removal of Rebecca J. Fernie as a director, employee, co-manager, and/or shareholder of Wincrest.

5.      All Documents concerning consultancy agreements with Wincrest and its associated funds.

6.      All Documents concerning any new or amended Wincrest documents including articles, shareholder register, directors register, and any other Wincrest agreements.

7.      All Documents concerning and/or supporting Joel Press's and Press Management's view that Petitioner is not (and never was) a 50% shareholder in Wincrest and not entitled to a 50% share of profits in Wincrest.

8.      All documents concerning Invoices from Press Management for work done on behalf of Wincrest and billed to Wincrest or BAB personally.